```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/17/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GUANGQING LIN, and YUN QIANG WU,
*on behalf of themselves and others similarly situated,*

                Plaintiffs,

-against-

TENG FEI RESTAURANT GROUP INC.,
d/b/a/ Tenzan 89 Japanese Cuisine and FEI TENG,

                Defendants.

17cv1774 (DF)

**ORDER**

**DEBRA FREEMAN, United States Magistrate Judge:**

This case is before this Court for all purposes on consent of the parties, pursuant to 28 U.S.C. § 636(c). (*See* Dkt. 25.) On January 9, 2020, the Court issued an Order directing counsel for the parties to show cause why they should not be sanctioned for failing to submit certain pretrial materials, in violation of an Order of the Court and its Individual Practices. For the reasons set forth below, the Court concludes that sanctions should be imposed against Plaintiffs' counsel.

## BACKGROUND

On November 7, 2019, the Court issued a Scheduling Order for Trial ("11/7/19 Order") (Dkt. 37), which directed the parties to submit, no later than December 20, 2019, all pretrial submissions required by the Court's Individual Practices, including, *inter alia,* "a single, jointly proposed set of jury instructions," a "jointly proposed special verdict sheet," and "a courtesy loose-leaf binder containing copies of that party's listed exhibits, pre-marked with identification numbers" (*see id.*; *see also* Individual Practices of Magistrate Judge Debra Freeman,

Sections III(A)(10); III(B)(1)(b), (c)).  The Court set a final pretrial conference for January 27, 2020, with a jury trial to commence on February 4, 2020.  (11/7/19 Order.)

December 20, 2019 passed with neither party's having submitted the materials required by the Scheduling Order, a request for an extension of time, or indeed anything at all.  (*See generally* Dkt.)  The following Monday, December 23, 2019, one of this Court's law clerks contacted Plaintiff's counsel (specifically, John Troy, Esq. ("Troy"), of the firm of Troy Law, PLLC ("Troy Law")) to remind him of the deadline and to inquire as to when he intended to submit the required pretrial materials.  Troy did not provide an explanation, at that time, for the delay in making the necessary submissions, but stated that he would submit a letter to the Court with an explanation that same day.

At approximately 9:30 p.m. that evening, Aaron Schweitzer, Esq. ("Schweitzer"), an associate at Troy Law, and also counsel of record in this case, filed a motion for an extension of time, to December 26, 2019, to make the pretrial submissions.  (Dkt. 40.)  In that motion, Schweitzer stated that the parties "ha[d] exchanged the first draft of JPTO's," although he did not explain when that exchange had occurred.  (*Id.*)  Schweitzer further stated that "Plaintiffs ha[d] been unable to reach Defendants *via* phone and email until [December 23] in the afternoon," although he did not explain what efforts had been made, if any, to contact Defendants' counsel prior to that time.  (*Id.*)  Schweitzer also stated that he had been engaged with another trial, although he did not explain why that trial would have prevented the filing of the pretrial materials between November 7, 2019 and December 20, 2019, roughly a six-week period.  (*Id.*)

On December 26, 2019, Troy Law filed (1) a proposed pretrial order; (2) proposed *voir dire* questions; (3) proposed jury instructions; and (4) a "request to charge," which appeared to be a proposed verdict sheet.  (Dkt. 41-44.)  Schweitzer also submitted a "status report," in which

he explained that "[the] parties Jointly submitted the Joint Pre Trial Order," but that "the Jury materials cannot be submitted jointly . . . due to Defendants['] not responding to Plaintiffs['] emails."  (Dkt. 45.)  Again, the submission was unclear regarding what efforts Troy Law had made (and when) to contact Defendants' counsel regarding the pretrial materials that were supposed to have been submitted jointly, and Schweitzer provided no hint as to when the Court would receive those materials.  (*See id.*)

On January 9, 2020, by Order dated *nunc pro tunc* to December 23, 2019, the Court accepted as timely the filings that had been made by Troy Law on December 26, 2019, but – having still not received (1) jointly proposed jury instructions; (2) a jointly proposed verdict sheet; or (3) binders with the parties' pre-marked exhibits – directed counsel for both parties to show cause, no later than January 13, 2020, why they should not be sanctioned for their continued failure to submit those materials.  (Dkt. 46.)

On January 10, 2020, a staff employee of Troy Law (not counsel of record) called the undersigned's Chambers and spoke to one of this Court's law clerks, apparently in an attempt to explain to the Court, *ex parte,* why the attorneys in the firm should not be sanctioned.  The Court's law clerk advised the caller that such a communication was not a sufficient response to the Court's Order To Show Cause, and that counsel were required to submit their explanation in writing and to file it with the Court.

On January 12, 2020, Defendants' counsel, Yuan Zheng, Esq. ("Zheng"), of the firm of Yuan Zheng & Associates, LLC, timely responded in writing to the Order To Show Cause and "deeply apologize[d]" for missing the Court's deadline, stating as an explanation that her firm had inadvertently failed to calendar the deadline for pretrial submissions in this case, and that she had not realized the deadline had passed until she was advised of this by Plaintiffs' counsel.

(Dkt. 47.) Zheng further explained that her firm had not been able to reach its clients to discuss the proposed joint materials until January 10, 2020. (*Id.*) Zheng attached to her submission a copy of what appeared to be Plaintiffs' proposed jury instructions, with blackline changes that had presumably been proposed by Defendants. (*Id.*) Zheng further represented that the Joint Pretrial Order contained certain "clerical mistakes" that would "need to be corrected by both of the counsels." (*Id.*)

On January 13, 2020, Troy submitted a letter that purported to be a response to the Court's Order To Show Cause. (Dkt. 48.) Rather than offer an explanation for Troy Law's continuing failure to submit the required pretrial materials, Troy stated that the firm "ha[d] informed Chambers of the circumstances underlying [its] failure – specifically non-response from Defendants' attorney," apparently relying either on the staff employee's phone call to the undersigned's law clerk or on Schweitzer's December 26, 2019 "status report," which had been submitted nearly two weeks prior to the Court's Order To Show Cause.

On January 14, 2020, Plaintiffs' counsel finally submitted a courtesy copy of Plaintiffs' trial exhibits to the Court. Those exhibits, however, were not marked in a manner that conformed to normal trial practice. Rather, each page of every exhibit was pre-marked with a separate exhibit number, such that Plaintiffs' supposed set of nine exhibits bore 102 "exhibit" numbers. On January 15, 2020, the Court, through its law clerk, directed Schweitzer to resubmit the exhibits by 12:00 p.m. on January 16, 2020. During that call, the Court's law clerk also inquired as to whether the blacklined jury instructions that had been submitted by Zheng represented a joint submission, and Schweitzer responded that it did not. Schweitzer instead reported that the parties were continuing to negotiate the joint pretrial materials, and that he anticipated filing them on January 17, 2020. Thereafter, on January 16, 2020, the Court received

4

from Plaintiffs a new set of their trial exhibits, with the pages re-marked. As of the issuance of this Order, the parties' joint submissions remain outstanding.

In sum, joint pretrial submissions were due by December 20, 2019, but those submissions were not made. After that deadline passed, Troy Law asked for, and was granted, an extension to December 26, 2019, but that deadline then passed as well, without compliance. In response to the Court's January 9, 2020 Order To Show Cause, Defendants' counsel has apologized for a calendaring failure. Plaintiffs' counsel, on the other hand, have admitted no fault on their part, seeking to place the blame entirely on Defendants. Yet Plaintiffs' counsel have given the Court no explanation of the extent of the efforts they made (if any) to reach out to Defendants' counsel, so as to ensure that the required joint materials were timely submitted.

## DISCUSSION

Rule 16(f)(1) of the Federal Rules of Civil Procedure permits a court to "issue any just orders," including sanctions, "if a party or its attorney . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C); *see also Guo v. A. Canaan Sushi Inc.,* No. 18cv4147 (JMF), 2019 WL 1507900, at *4 (S.D.N.Y. Apr. 5, 2019); *Mok v. 21 Mott St. Rest. Corp.,* No. 14cv8081 (PKC), 2017 WL 213807, at *3 (S.D.N.Y. Jan. 18, 2017) (sanctioning Plaintiff's counsel under Rule 16(f) for failure to submit timely joint pretrial submissions). The decision to impose sanctions pursuant to Rule 16(f) "does not require a finding that the party acted in bad faith." *Polaris Images Corp. v. CBA Interactive, Inc.,* No. 19cv3670 (VEC), 2019 WL 5067167, at *2 (S.D.N.Y. Oct. 9, 2019) (citing *Huebner v. Midland Credit Mgmt., Inc.,* 897 F.3d 42, 53 (2d Cir. 2018)). Thus, a court may impose Rule 16(f) sanctions "when there is 'clear and convincing evidence that counsel disregarded a clear and unambiguous scheduling or other pretrial order.'" *Id.* (quoting *Rice v. NBCUniversal Media, LLC,* No. 19cv447, 2019 WL

3000808, at *3 (S.D.N.Y. Jul. 10, 2019)). The Court is entitled to impose such sanctions *sua sponte*. *Id.*; *Guo,* 2019 WL 1507900, at *4.

The Court finds that the conduct of Plaintiffs' counsel in this case warrants sanctions. As noted above, Troy Law failed to submit jointly proposed jury instructions, a jointly proposed verdict sheet, or exhibits in usable form, either by the Court-ordered deadline of December 20, 2019, or by counsel's belatedly requested extended deadline of December 26, 2019. This failure has persisted despite multiple calls from the Court inquiring about the status of the missing filings. The Court should not be forced to expend unnecessary time and staff resources to solicit compliance with the deadlines it sets, and this Court's experience with Troy Law in this regard is apparently not unique. *See Guo,* 2019 WL 1507900, at *1 n.1 (collecting cases demonstrating that, "despite extensive experience with this Court and in this District," "[c]ounsel from Troy Law frequently fail to submit required filings to this Court until they are reminded to do so by the Court's staff").

Moreover, despite their apparent awareness of the relevant deadlines and the asserted lack of responsiveness of Defendants' counsel, neither Troy nor Schweitzer have sought any further extension of time beyond December 26, 2019, instead merely promising that they would "update" the Court when Defendants responded. (*See* Dkt. 45.) This adds to counsel's sanctionable conduct. *See Polaris,* 2019 WL 5067167, at *2; *Mok,* 2017 WL 213807, at *2 (sanctioning attorney for failing to submit joint pretrial materials where, *inter alia,* "plaintiff's counsel has failed to demonstrate [why he did] not seek[] an adjournment of the time for final pretrial submissions").

When faced with an Order To Show Cause why counsel should not be sanctioned for their noncompliance with court-ordered deadlines, counsel from Troy Law failed to make even a

6

good-faith attempt to respond adequately. Instead, Troy and/or Schweitzer apparently directed a staff employee to initiate an *ex parte* call to the Court. Then, despite specific instruction from Chambers that the call was not an appropriate response and that counsel were required to file a timely written submission, counsel filed with the Court a response that purported to rely either on the same *ex parte* call or on their prior status report, and that took no responsibility for counsels' own failures. (*See* Dkt. 48.) Instead, in a single sentence, Plaintiffs' counsel – as noted above – solely blamed opposing counsel for the non-compliance, offering no detail or explanation whatsoever regarding the efforts *Troy Law* had made to avoid missing the relevant deadlines. (*Id.*) Such a response fails to demonstrate why Plaintiffs' counsel should not be sanctioned. *Polaris Images Corp.,* 2019 WL 5067167, at *2 (sanctioning attorney where the attorney's "perfunctory explanation in response to the Court's show-cause order [was] inadequate and wholly unconvincing").

It is the *plaintiff's* counsel's responsibility to take the lead in ensuring that joint pretrial filings are drafted and provided to the defendant's counsel in time for the defendant to respond, as evidenced by other cases in this Circuit, in which district courts have imposed sanctions on plaintiff's counsel alone where joint pretrial submissions were not timely filed. *See, e.g., Mok,* 2017 WL 213807, at *1; *Guan,* 2019 WL 3807455, at *1; *Martin v. Giordano,* 185 F. Supp. 3d 339, 364-65 (E.D.N.Y. 2016) (imposing sanctions against plaintiff's counsel under Rule 16(f) for, *inter alia,* failure to provide joint pretrial materials to defendant's counsel in advance, noting "[f]ederal court litigation in its final pretrial stages is fast-paced and demanding [and] requires . . . forceful management from the court"); *see also Polaris,* 2019 WL 5067167, at *2 (reminding plaintiff's counsel of the "elementary principle" that, if a plaintiff cannot meet a

7

deadline due to absent defendants' counsel, "it is incumbent on plaintiff's counsel to apply for an adjournment . . . rather than ignore [the deadline] altogether").

The submissions made by Troy and Schweitzer – all made subsequent to the filing deadlines imposed by the Court – have given the Court no insight into what efforts Troy Law made to ensure that Defendants' counsel had adequate time to respond to Plaintiffs' proposed submissions. Indeed, had Troy Law provided the proposed joint submissions to Defendants' counsel well in advance of the deadline, and had they either reached out to Zheng to solicit cooperation or contacted the Court if Zheng was being uncooperative, then Zheng's reported mis-calendaring of the December 20, 2019 deadline would likely have been a non-issue, as she necessarily would have been made aware that the deadline was approaching. Instead, the result of Troy's and Schweitzer's conduct is that, less than two weeks before the final pretrial conference in this case, the Court has not received jointly proposed jury materials, and has no guarantee, aside from an informal representation from Schweitzer, as to when those materials will be forthcoming. *See Mok,* 2017 WL 213807, at *1 (imposing sanctions against Plaintiff's counsel for failing to file timely joint pretrial submissions, and noting that "[t]he importance of the proposed . . . jury instructions and verdict sheet are self-evident").

In light of all of the above, the Court finds it appropriate to impose sanctions against both Troy and Schweitzer. In doing so, the Court is cognizant that it should set an amount which is "sufficient but no greater than necessary to secure compliance with the Court's orders and deadlines in the future." *Guo,* 2019 WL 1507900, at *4. In this regard, the Court notes that the instant case is not the first case in which Troy Law has engaged in "troubling conduct," *Guan v. Long Island Business Institute, Inc.,* 2019 WL 3807455, at *1 (E.D.N.Y. Aug. 13, 2019) (affirming sanctions award against Troy and Schweitzer). Nor is it the first case in which

attorneys at the firm have failed to comply with court-ordered deadlines, resulting in delay and unnecessary expenditure of court resources. In *Guo,* the Honorable Jesse M. Furman, U.S.D.J., described such conduct and additionally referenced two other cases before him, in which Court staff had repeatedly been obliged to remind Troy and Schweitzer of the need to adhere to deadlines. *Id.* (sanctioning Troy and Schweitzer in the total amount of $2,000 "to deter counsel from repeating their delinquent conduct in any other or future case"). And in another case pending before this Court, *Lin v. La Vie en Szechuan Rest. Corp.,* No 1:15-cv-9507, Troy and Schweitzer engaged in the same type of conduct as recently as November 2019, when, after failing to file any joint pretrial materials or to request an extension of the deadline set by the Court's scheduling order, this Court's Chambers contacted Troy Law and was told, with no additional detail, that the failure was the fault of opposing counsel. Although this Court did not impose sanctions in that case, in which a bench trial is currently scheduled to commence on January 21, 2020, the "self-evident" need for the Court to have critical jury materials in advance of trial in this case warrants sanctions to ensure prompt compliance with the Court's orders and to deter the same conduct in the future. *Mok,* 2017 WL 213807, at *1.

Even though the sanctions imposed in *Guo,* less than one year ago, were apparently insufficient to deter Troy and Schweitzer from their repeated disregard for Court-imposed scheduling deadlines, the Court will impose the same sanctions here (*i.e.*, $1,000 each, on Troy and Schweitzer), in the hope that, upon facing such sanctions again, counsel will finally realize that the Court's orders must be taken seriously. The Court notes, however, that it would be justified in imposing greater sanctions, given that Troy and Schweitzer were explicitly admonished in *Guo* that "further disregard of the Court's orders – in this case *and in other*

9

*cases* – may result in additional, harsher sanctions, includ[ing] but not limited to possible referral of counsel to the Court's Grievance Committee." *Id.,* at *4 (emphasis added).

Finally, although Rule 16(f)(2) directs a court to order the sanctioned party to pay the "reasonable expenses" of the other party, Fed. R. Civ. P. 16(f)(b), such an award should not be ordered where the conduct at issue was "substantially justified" or where "other circumstances make an award of expenses unjust." *Mok,* 2017 WL 213807, at *3. In the Court's view, Zheng's conduct in this instance did not rise to a sanctionable level, but, as Zheng concedes, she was not totally without fault. At a minimum, upon discovering her firm's calendaring failure, and realizing that it would affect the parties' ability to meet the Court's submission deadline, Zheng should have brought the matter to the Court's attention. While the Court does not find that Zheng's conduct "substantially justified" Troy's and Schweitzer's failures, it does find that, in the circumstances presented, an award of attorneys' fees to Defendants would be unjust.

## **CONCLUSION**

For the reasons stated above, the Court finds that Troy and Schweitzer have not adequately shown cause why they should not be sanctioned for their continued failure to comply with a scheduling Order of this Court. As a result, it is hereby ORDERED that Troy and Schweitzer shall each pay a civil sanction to the Clerk of Court of $1,000 for that failure. Troy and Schweitzer are directed to file proof of payment on the Docket of this action, within 14 days of the date of this Order.

Troy Law is cautioned that, if the required joint pretrial materials are not fully submitted by January 21, 2020 (which would be more than a month past the date when they were due), the Court may impose further sanctions.

Dated: New York, New York
January 17, 2020

SO ORDERED

DEBRA FREEMAN
United States Magistrate Judge

Copies to:

All counsel (via ECF)