UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK


USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/27/2020

GUANGQING LIN, and YUN QIANG WU,
*on behalf of themselves and others similarly
situated,*

                              Plaintiffs,

              -against-

TENG FEI RESTAURANT GROUP INC.,
d/b/a/ Tenzan 89 Japanese Cuisine and FEI
TENG,

                              Defendants.

17cv1774 (DF)

**ORDER**

**DEBRA FREEMAN, United States Magistrate Judge:**

After ordering counsel in this case to show cause why they should not be sanctioned for

their continued failure to comply with prior orders of the Court to submit certain joint pretrial

materials (Order To Show Cause, dated Jan. 9, 2020 (Dkt. 46 (Text Order))), and after reviewing

counsel's submissions in response to that Order To Show Cause (Dkts. 47, 48), the Court found

that sanctions were warranted against Plaintiffs' counsel, specifically John Troy, Esq. ("Troy")

and Aaron Schweitzer, Esq. ("Schweitzer"), of the firm Troy Law, PLLC ("Troy Law") (*see*

Order, dated Jan. 17, 2020 ("Sanctions Order") (Dkt. 50)).  In its Sanctions Order, the Court

noted that Troy Law had sought to place the blame for the lack of compliance on opposing

counsel alone, and had not provided any explanation of the efforts that its own attorneys had

made to ensure that the required joint materials were timely submitted.

Subsequently, Troy wrote to the Court, and, although his submission was not filed as a

letter "motion," it was evidently intended to be a motion for reconsideration of the Sanctions

Order.  (*See* Letter to the Court from Troy, dated Jan. 17, 2020 ("1/17/20 Troy Ltr.") (Dkt. 54)

("[W]e write respectfully to ask Your Honor to reconsider the imposition of sanctions against

Plaintiffs' counsel.").)  The Court has reviewed Troy's letter, and, for the reasons set out below, finds that nothing therein warrants reconsideration.

As a preliminary matter, the Court notes that the contents of Troy's letter could easily have been provided to the Court in response to its January 9 Order To Show Cause.  For some reason, Troy and Schweitzer did not find it necessary, in response to that Order, to lay out the steps they took to attempt to comply with the Court's earlier orders, and they have sought to explain those steps only now.  Yet, even apart from that, the showing that Troy Law has now made remains deficient.

First, Troy states in his letter that "*[a]s early as December 23, 2019*, we contacted Defense counsel's office . . . to remind Defense counsel that the Joint Pretrial Order was *past due*." (1/17/20 Troy Ltr., at 1 (emphasis added).)  As, in detailing the timeline of the relevant communications between the parties, Troy is silent as to whether his firm made any efforts to initiate discussions with Defendants' counsel regarding the joint pretrial submissions during the period from November 7, 2019 (when the submission deadline was set by the Court) to December 20, 2019 (when the submissions were due), the Court now concludes that the firm made no efforts to engage in the necessary discussions during that entire time.  Moreover, it now appears that the statements made by Schweitzer in his December 23, 2019 letter, asking belatedly for a filing extension, were disingenuous.  At about 9:30 p.m. on that date – the same date on which the Court finally reached out to Troy Law to inquire why the overdue submissions had not been made – Schweitzer wrote to the Court, stating:  "The reason for the delay is that Plaintiffs *have been unable to reach Defendants* . . . until today in the afternoon."  (Letter to the Court from Schweitzer, dated Dec. 23, 2019 ("12/13/19 Schweitzer Ltr.") (Dkt. 40) (emphasis added).)  Based on Troy's January 17 letter, however, it now appears that Troy Law never even tried to

reach Defendants' counsel until that date. Schweitzer also informed the Court on December 23 that "[a]n additional reason for the delay" was that Schweitzer had been on trial in another case, in federal court in Massachusetts, and thus "*could not timely file* the proposed JPTO and Jury Materials." (*Id*. (emphasis added).) Even apart from the fact that Troy was also counsel of record here, and was apparently not similarly occupied with the Massachusetts trial, this excuse begs the question of why work could not have been done on the submissions in this case for the five-plus weeks between the date when the Court ordered the submissions be made, and the date in mid-December when, according to public records, Schweitzer's trial in Massachusetts began.

Second, although Schweitzer only asked the Court to extend the filing date to December 26, it is now obvious that Troy Law had no reasonable plan to have all of the pretrial submissions ready for filing by that date. In his January 17 letter, Troy now essentially contends that it was not possible for the parties to work together, in any way, on jointly proposed jury instructions, until after the Joint Pretrial Order was entirely finalized. As Troy Law did not reach out to opposing counsel to begin the process of negotiating the terms of the Joint Pretrial Order until December 23, it is not surprising that that negotiation process could not be completed before the Christmas holidays. According to Troy, the proposed Joint Pretrial Order was not, in fact, ready for submission until December 26, and thus – based on his view that the pretrial materials could only be prepared in sequence – Troy Law did not provide opposing counsel with a proposed draft of any part of the jury instructions until nearly 7:00 p.m. on that date. (*See* 1/17/20 Troy Ltr., at 2.) While it is true that a stipulation of fact may have eliminated the need for a particular jury charge, the Court does not accept Troy's underlying premise that the jury charge was entirely dependent on the Joint Pretrial Order, such that no cooperative work on the jury instructions could have been performed until the Joint Pretrial Order was completed. While

Troy Law is still quick to blame opposing counsel for any delays in filing (*see id.*, at 2 (stating that, "rather than show mercy to an adversary, [Troy Law] should have moved to sanction [Defendants' counsel] for her consistent delay of the case")), the reality is that, after having made no effort to work with opposing counsel before December 23 to prepare the joint submissions, Troy Law's request for an extension to December 26 had the effect of squeezing opposing counsel into having only a minimal opportunity to confer with her own clients and to respond to any proffered drafts.

Finally, according to Troy's most recent letter, the parties had agreed to the contents of the proposed jury instructions and other outstanding materials by the afternoon of Wednesday, January 15. (1/17/20 Troy Ltr., at 3 ("we agreed on a finalized *voir dire*, jury instruction, and verdict sheet on January 15, 2020, at 15:16 [*i.e.*, at 3:16 p.m.]").) Nonetheless – even after this Court's Chambers had reached out more than once to inquire about status, including on January 15 itself[1] – Troy Law failed to file those materials with the Court until after business hours on Friday, January 17, 2020. (*See id.*; *see also* Dkts. 51, 52, 53 (reflecting filing times of 7:14 p.m., 7:15 p.m., and 7:17 p.m.).) In the conclusion to his letter, Troy states that his firm "diligently pursued agreement on all the joint materials and submitted what [it] submitted *as soon as [it] could*" (1/17/20 Troy Ltr., at 3 (emphasis added)), a statement that is evidently inaccurate, given that, based on his own chronology of events, the firm continued to hold onto the overdue materials for more than two days after they were finalized for submission. Troy has offered no explanation as to why the firm did not promptly file the joint submissions as soon as

---

[1] Chambers' inquiries to Troy Law were made by this Court's Courtroom Deputy, Ms. Aisha Bams (mistakenly referred to by Troy as a clerk (1/17/20 Troy Ltr., at 2)), and by one of the Court's Law Clerks, Hanna Martin, Esq. (whose name is misspelled by Troy, and whom he mistakenly identifies as a "case manager" (*id.*, at 3)).

they were agreed, and he has also continued to offer no reason why the firm failed to seek a further filing extension after missing the extended submission deadline of December 26.

In short, the motion for reconsideration offers no factual matters or controlling law that the Court overlooked in reaching its original sanctions determination, *see* Local Civ. R. 6.3, and, to the contrary, demonstrates the appropriateness of sanctions in this case. Accordingly, it is hereby ORDERED that the request of Plaintiffs' counsel for reconsideration of the Court's January 17, 2020 Sanctions Order is denied.

Dated: New York, New York
      January 27, 2020

SO ORDERED

_____
DEBRA FREEMAN
United States Magistrate Judge

Copies to:

All counsel (via ECF)