UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



GUANGQING LIN, and YUN QIANG WU,
*on behalf of themselves and others similarly situated,*

                      Plaintiffs,

-against-

TENG FEI RESTAURANT GROUP INC.,
d/b/a/ Tenzan 89 Japanese Cuisine and FEI TENG,

                      Defendants.

17cv1774 (DF)

**ORDER**

**DEBRA FREEMAN, United States Magistrate Judge:**

    This case is before this Court on consent of the parties, pursuant to 28 U.S.C. § 636(c). On January 17, 2020, after its review of responses to an Order to Show Cause why counsel should not be sanctioned for continued noncompliance with Court-ordered deadlines for the submission of joint pretrial materials, this Court issued a written opinion by which it imposed sanctions of $1,000 each against two attorneys for Plaintiffs, specifically John Troy, Esq. ("Troy") and Aaron Schweitzer, Esq. ("Schweitzer"), of the firm Troy Law, PLLC ("Troy Law"). (Order, dated Jan. 17, 2010 (Dkt. 50) (published at *Lin v. Teng Fei Rest. Grp. Inc.,* No. 17cv1774 (DF), 2020 WL 264407 (S.D.N.Y. Jan. 17, 2020)).) The Court's sanctions Order directed Troy and Schweitzer to make the sanctions payments to the Clerk of Court and to "file proof of payment on the Docket of this action, within 14 days of the date of this Order." *Id.* The payments were therefore due by January 31, 2020.

    Less than 12 hours after the Court issued its sanctions ruling, Troy wrote to the Court requesting that it reconsider the imposition of sanctions. (*See* Letter to the Court from Troy, dated Jan. 17, 2020 (Dkt. 54).) Although Troy's letter was not filed as a motion for

reconsideration, the Court treated it as such, and, on January 27, 2020, the Court issued a further written opinion, denying that motion. (Order, dated Jan. 27, 2020 (Dkt. 55) (published at *Lin*, 2020 WL 429128 (S.D.N.Y. Jan. 27, 2020)).)

Despite the denial of reconsideration, however, neither Troy nor Schweitzer has complied with the sanctions Order. Specifically, neither of them, by January 31, 2020, filed proof of payment on the Docket of this action. Indeed, neither of them has done so to date. (*See generally* Dkt.) Further, the Court has made independent inquiries to the Court's cashier, who has confirmed that neither payment was made. In other words, after having been sanctioned for failing to comply with Court-ordered deadlines, Troy and Schweitzer have, rather remarkably, failed to comply with a Court-ordered deadline to pay monetary sanctions.

The Court notes that it is possible that Troy and/or Schweitzer have been operating under a misconception that they were relieved of their obligations to comply with the sanctions Order once Schweitzer informed the Court on January 29, 2020 that the parties had reached a resolution in principle of Plaintiffs' claims in this action. (*See* Letter to the Court from Schweizer, dated Jan. 29, 2010, re "Notice of Settlement in Principle" (Dkt. 56).) If this is, in fact, the reason why the sanctions payments have not been made, then Troy and Schweitzer should perhaps be reminded that, while the Court has adjourned the upcoming trial *sine die* (Dkt. 57), it has not closed this case, as it must first review the proposed settlement agreement for fairness, under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). Moreover, it has long been established that the imposition of sanctions survives "irrespective of the status of the underlying case because the imposition of sanctions is an issue collateral to and independent from the underlying case." *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 333 (2d Cir. 1999) (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395-96 (1990) and collecting

cases); *Neroni v. Becker*, 609 F. App'x 690, 692 (2d Cir. 2015) (Summary Order); *Bryant v. Britt*, 420 F.3d 161, 163 (2d Cir. 2005); *Perpetual Sec., Inc. v. Tang*, 290 F.3d 132, 141 (2d Cir. 2002). Thus, there would be no supportable basis for any belief by Troy and/or Schweitzer that their obligation to make the sanctions payment has been lifted.

In light of the foregoing, it is hereby ORDERED that, if either Troy or Schweitzer fails to pay the Court-ordered sanction and to file proof of payment on the Docket of this action by February 12, 2020, then the sanction will be doubled (from $1,000 to $2,000) for each attorney who fails to comply.

Dated: New York, New York
February 5, 2020

SO ORDERED

*[signature]*
DEBRA FREEMAN
United States Magistrate Judge

Copies to:

All counsel (via ECF)

3